IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(SHERMAN DIVISION)

| | |
|---|---|
| RUBEN MARTINEZ, Jr. § | |
| § | |
| PLAINTIFF, § | CIVIL ACTION NO.: |
| § | |
| v. § | _____ |
| § | |
| REAL PAGE, INC. § | |
| § | |
| DEFENDANT. § | |

# COMPLAINT

COMES NOW Plaintiff Ruben Martinez, Jr. by and through his undersigned counsel, and alleges as follows:

## PRELIMINARY STATEMENT

1.  This is an action for actual damages, punitive damages, costs and attorney fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

2.  The FCRA is a comprehensive statutory scheme governing the conduct of a consumer reporting agency ("CRA").

3.  Congress recognized that CRAs such as Defendant Real Page, Inc. "have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). Therefore, Congress found that there "is a need to insure that consumer reporting agencies exercise their grave

responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

4. To achieve accuracy of consumer reports, which can include criminal record information, the FCRA requires that when a CRA prepares a report, it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

5. A consumer can notify a CRA that the consumer disputes the accuracy or completeness of any information in their file. Upon notification of the dispute, the FCRA requires that the CRA conduct a reasonable reinvestigation of the disputed information to determine if the information is accurate. The CRA must notify the source of the disputed information about the consumer's dispute. The CRA must provide the source with all relevant information received from the consumer about the dispute. The CRA must review and consider all relevant information provided by the consumer in conducting the reinvestigation. The CRA must delete or modify information that is found to be inaccurate or incomplete, or that cannot be verified. The CRA must complete the reinvestigation within 30 days, or within 45 days if the dispute is based on a free annual credit report. The CRA must send the consumer written results of the reinvestigation and a credit

report that is based on the consumer's file as that file is revised as a result of the reinvestigation.  15 U.S.C. § 1681i(a).

## JURISDICTION & VENUE

6. This court has jurisdiction under 15 U.S.C. § 1681p.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

8. Plaintiff Ruben Martinez, Jr. ("Plaintiff") is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a resident of Texas.

9. Defendant Real Page, Inc. ("Defendant" or "Real Page") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). In all respects and all times relevant herein, Real Page was doing business in this judicial district.

## FACTUAL ALLEGATIONS

10. On or about July 3, 2015 Plaintiff applies for housing at Stonebridge at Kelsey Park ("Stonebridge").  Stonebridge requests Plaintiff's consumer report from Real Page ("background report").

11. Real Page prepares and issues Plaintiff's background report to Stonebridge that includes inaccurate information, in violation of the FCRA, § 1681e(b).

12. In the background report, Real Page reported to Stonebridge that Plaintiff was a registered sex offender based on third-degree sexual assault. This is

false. Plaintiff is not a sex offender, and never committed a sexual assault. The sex offender identified on the background report is not Plaintiff.

13. As a result of the Real Page report, Stonebridge denies Plaintiff for housing. Stonebridge tells Plaintiff that he is denied because of the criminal activity Real Page reported on Plaintiff. Plaintiff told Stonebridge that the criminal activity does not belong to him.

14. Shortly thereafter, Plaintiff calls Real Page. Plaintiff first speaks with a Real Page agent. Plaintiff notifies Real Page that he disputes the accuracy of the criminal record information it is reporting on his background report. Plaintiff explains that because of Real Page's inaccurate background report he was denied housing. The Real Page agent tells Plaintiff that he could not dispute by phone, and that he had to first order his background report and then send a written dispute, as this was their policy. Plaintiff asks to speak to a supervisor. The supervisor tells Plaintiff the same information as the agent. Real Page does not comply with its obligations under the FCRA, § 1681i(a), including the obligation to conduct a reasonable reinvestigation of Plaintiff's dispute.

15. On or about July 22, 2015 Plaintiff again applies for housing at Stonebridge. Plaintiff is again denied for housing based on the false criminal information Real Page reports to Stonebridge about Plaintiff.

16. Plaintiff again calls Real Page and notifies it that he disputes the accuracy of the criminal record information it is reporting on his background report. Plaintiff first speaks with a Real Page agent and then a supervisor. Both the Real Page agent and the supervisor tell Plaintiff he cannot dispute the inaccurate criminal information by phone. Real Page does not comply with its obligations under the FCRA, § 1681i(a), including the obligation to conduct a reasonable reinvestigation of Plaintiff's dispute.

17. By the time Plaintiff gets Real Page to delete the false criminal information it is reporting on Plaintiff, it is too late. Stonebridge had already developed a wait-list of approximately 6 months, and Plaintiff is unable to be approved for housing at Stonebridge.

<u>FIRST CLAIM FOR RELIEF</u>

(against Real Page)

(Negligent Noncompliance with the FCRA)

18. Plaintiff realleges and incorporates paragraphs 1 through 17.

19. Real Page negligently failed to comply with the requirements of the FCRA.

20. As a result of Real Page's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of housing, damage to reputation, emotional distress and

interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

21. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF

(against Real Page)

(Willful Noncompliance with the FCRA)

22. Plaintiff realleges and incorporates paragraphs 1 through 17.

23. Real Page willfully failed to comply with the requirements of the FCRA.

24. As a result of Real Page's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of housing, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

25. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## Prayer

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On All Claims for Relief:

1. Costs and expenses incurred in the action.


Dated this 24th day of May 2016.

        /s/ Micah S. Adkins
        Micah S. Adkins
        (Texas Bar No.: State Bar #24088777)
        THE ADKINS FIRM, P.C.
        301 19th Street North
        Suite 581
        Birmingham, Alabama 35203
        Telephone:   205-458-1204
        Facsimile:   205-208-9632
        Email: micahadkins@itsyourcreditreport.com